**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CARLOS JUNIOR HERNANDEZ, 133527, :

    **Plaintiff,**                            :

**vs.**                                    :       **CIVIL ACTION 18-0522- TFM-MU**

**THOMAS R. BOLLER,**               :

    **Defendant.**                      :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## I. Complaint.

Plaintiff Hernandez complains that on December 6, 1982, he received a sentence of life without parole when a *nolo contendere* conviction from Florida was used.[1] (Doc. 1 at 4). He maintains that this was contrary to Alabama law and that his criminal defense attorney, Defendant Boller, did not object, which is reflected in the transcript. (*Id.* at 4, 5). Now, thirty-four years later, Mobile County Circuit Court Judge Jay A. York reversed Plaintiff's sentence on December 21, 2016 and, at a resentencing hearing,

---

[1] Plaintiff was convicted of first-degree kidnapping. (*Id.* at 6).

imposed a sentence of life imprisonment.  (*Id.* at 4, 6).[2]  For relief, Plaintiff wants $1 million for thirty-four years of incarceration.  (*Id.* at 7).

## II.  <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).</u>

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

---

[2]  When Plaintiff filed this action, he gave Donaldson Correctional Facility as his address, which is the address currently reflected for him on the Alabama Department of Corrections' website.  Thus, it appears that he is currently incarcerated on the same conviction.  (Doc. 1 at 6).

[3]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. Analysis.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by *a person acting under color of state law* and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). Criminal defense counsel, however, whether retained or court-appointed, is not deemed to be a person who acts under color of state law in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509

3

(1981) (public defender); *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.) (retained

counsel),[4] *overruled on other grounds by Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976

(5th Cir. 1979).  Court-appointed, criminal defense counsel is viewed as carrying out the

traditional functions of a lawyer representing a criminal defendant, which previously was

a private function fulfilled by retained counsel.  *Polk Cty.,* 454 U.S. at 319, 325, 102

S.Ct. at 450, 453.  "Except for the source of payment, [the] relationship [between

criminal defendant and defense counsel is] identical to that existing between any other

lawyer and client."  *Id.* at 318, 102 S.Ct. at 449.

Thus, when Plaintiff complains about Defendant Boller's failure to represent him

effectively by not objecting, Defendant Boller was performing the traditional function as

counsel to a criminal defendant.  Defendant Boller, therefore, cannot be held to be

acting under color of state law.  *Id.* at 325, 102 S.Ct. at 453; *Gastine v. Williams,* 476 F.

App'x 361, 364 (11th Cir. 2012) (unpublished).  Accordingly, this action is due to be

dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV.  <u>Conclusion</u>.

Based upon the foregoing reason, it is recommended that this action be

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this 28th day of March, 2019.


/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**